JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

C.P. YEATMAN & SONS, INC.

**(b)** County of Residence of First Listed Plaintiff __Chester__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Edward T. Kang, Kandis L. Kovalsky, Kang Haggerty  LLC - 123 South Broad Street, Suite 1950, Philadelphia, PA 19109
Telephone: (215) 525-5852

## DEFENDANTS

GLOBAL PREPARE, LLC

County of Residence of First Listed Defendant __Rockingham County, Virginia__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. § 1114; 15 U.S.C. § 1125(a); 54 Pa. C.S.A. § 1123

Brief description of cause:
Trademark infringement; unfair competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  7/8/2024

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 600 Baker Station Road, West Grove, Pennsylvania 19390-9263

Address of Defendant: 4080 Early Road, Harrisonburg, Virginia 22801-9705

Place of Accident, Incident or Transaction: Throughout the Eastern District of Pennsylvania and nationwide, as described in the Complaint.

---

**RELATED CASE IF ANY:**

Case Number: _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 7/8/2024

*Attorney-at-Law (Must sign above)*        316456

                                          *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☒ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*: _____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Kandis L. Kovalsky , counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 7/8/2024

*Attorney-at-Law (Sign here if applicable)*      316456

                                          *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| C.P. YEATMAN & SONS, INC., | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | |
| GLOBAL PREPARE, LLC, | ) | **Demand for Jury Trial** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff C.P. Yeatman & Sons, Inc. ("Mother Earth"), for its Complaint against Defendant Global Prepare, LLC ("Global Prepare") for trademark infringement under federal, state, and common law, unfair competition under federal and common law, and cancellation or restriction of a trademark registration, hereby alleges as follows:

## NATURE OF THE CASE

1. This case relates to Global Prepare's willful attempt to trade off of and infringe Mother Earth's well-established, nearly century-old MOTHER EARTH brand for mushroom products. Mother Earth owns incontestable trademark registrations and common law rights to the MOTHER EARTH trademark in connection with mushroom products (the "MOTHER EARTH Mark"). Nevertheless, Global Prepare has adopted a virtually identical trademark—MOTHER EARTH PRODUCTS (the "Infringing Mark")—in connection with mushroom products (the "Infringing Products"). Such use of a virtually identical mark in connection with identical products is likely to cause consumer confusion, as well as significant harm to Mother Earth and its family-owned business. This infringing use already is causing significant harm to Mother Earth's business and brand given that, for instance, Internet searches for "mother earth

3624344.1

mushrooms" are bringing up both parties' respective websites and products, thereby causing confusion and likely diverting traffic from Mother Earth's website to Global Prepare's website.

2.      Since 1919, Mother Earth, which has been continuously owned by the Yeatman family for five generations, and/or its predecessors and affiliates have owned and operated mushroom farms in Pennsylvania and sold high-quality dried, fresh, canned, and/or powdered mushrooms.  Mother Earth is located and grows its mushrooms in the "Mushroom Capital of the World."  Since 1935, Mother Earth and/or its predecessors and affiliates have sold these mushroom products under the MOTHER EARTH Mark to retailers, food service providers, and consumers alike.  In recognition of these rights in the MOTHER EARTH Mark, the United States Patent and Trademark Office ("USPTO") has granted Mother Earth and its predecessor-in-interest numerous trademark registrations, which were filed as early as October 28, 1959, and which were registered as early as December 13, 1960 (U.S. Reg. Nos. 708,474, 3,997,548, 3,997,949, and 5,304,703).[1]  Mother Earth's current trademark registrations are "incontestable," which provides "conclusive evidence of [Mother Earth]'s exclusive right to use the registered mark." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 189 (1985).  Mother Earth and its affiliates also have extensively used the MOTHER EARTH Mark, which appears on all of its marketing and advertising materials and product packaging, which is distributed nationally to consumers, retailers, wholesalers, food services providers, restaurant distributors, and restaurants.

3.      Despite Mother Earth's well-established prior rights, it recently came to Mother Earth's attention that Global Prepare has been selling mushroom products under its virtually

---

[1] Registration No. 708,474 was voluntarily not renewed and thus cancelled in October 2021.  The other listed registrations remain active.

identical Infringing Mark—MOTHER EARTH PRODUCTS.  Notably, the addition of the generic word "PRODUCTS" in no way distinguishes the Infringing Mark from the MOTHER EARTH Mark.  Rather, the distinctive elements, and the focus of, both marks are exactly the same: MOTHER EARTH.  The products also are identical.  Global Prepare has placed the Infringing Mark on dried mushroom products, which it is selling to consumers and third-party retailers under the Infringing Mark.  Mother Earth and its affiliates also sell dried mushrooms, as well as fresh and powdered mushrooms, and has for decades.  Accordingly, there can be no doubt that consumers would readily believe that the parties' competing "Mother Earth" mushroom products all come from the same single source, or are otherwise related or affiliated.

4.     Global Prepare's infringement is far from innocent.  Mother Earth's registrations for the MOTHER EARTH Mark provided Global Prepare with constructive notice of Mother Earth's prior trademark rights.  Global Prepare also likely had actual knowledge of Mother Earth and its MOTHER EARTH Mark in advance of its infringing activities given that a simple trademark search or Google search would have revealed Mother Earth.  At a minimum, Global Prepare gained actual knowledge of the MOTHER EARTH Mark when the USPTO cited such registered mark against Global Prepare's trademark application for the Infringing Mark, finding that confusion between the marks was likely.  Nevertheless, Global Prepare continued with its infringement, and attempted to obfuscate such infringement from the USPTO by amending the description of its services to specifically *remove* the reference to food products, which would overlap with Mother Earth's registered MOTHER EARTH Mark for mushroom products.  Global Prepare also offers a variety of non-mushroom products.  If it wanted to offer mushroom products, it could have done so under a different distinctive mark that did not trade off on Mother Earth's nearly century-old brand.  The fact that Global Prepare proceeded with its infringement

3

despite all of this shows its willfulness.  Moreover, although Mother Earth attempted to negotiate

a reasonable settlement with Global Prepare, Global Prepare has refused to cease its

infringement, thus necessitating this lawsuit.  Mother Earth thus seeks injunctive and monetary

relief as a result of Global Prepare's willful infringement.

## THE PARTIES

5.      Plaintiff C.P. Yeatman & Sons, Inc. is a Pennsylvania corporation with its

principal place of business at 600 Baker Station Road, West Grove, Pennsylvania 19390-9263.

Mother Earth owns registered and common law rights to the MOTHER EARTH Mark.

6.      Defendant Global Prepare, LLC is a Virginia limited liability company with its

principal place of business at 4080 Early Road, Harrisonburg, Virginia 22801-9705.  Global

Prepare purports to own and is using the Infringing Mark.

## JURISDICTION AND VENUE

7.      This is an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*  The

Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and

28 U.S.C. §§ 1331, 1338(a).  This Court has supplemental jurisdiction over the state-law claims

pursuant to 28 U.S.C. § 1367(a).

8.      This Court has personal jurisdiction over Global Prepare because, upon

information and belief, Global Prepare conducts business in the Commonwealth of Pennsylvania

and has committed trademark infringement within the Commonwealth of Pennsylvania.  For

instance, upon information and belief, Global Prepare advertises, markets and sells products

under the Infringing Mark in Pennsylvania, and has made substantial actual sales in Pennsylvania

and in this District.  Upon information and belief, Global Prepare's products under the Infringing

Mark are offered for sale directly to consumers in Pennsylvania, and are shipped to consumers in

Pennsylvania.

4

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Mother Earth owns trademark rights in this District, Mother Earth resides in this District, and Mother Earth has been harmed and is likely to be harmed in this District.  Further, Global Prepare conducts business and has committed trademark infringement in this District.  Moreover, venue is proper in this District because Global Prepare is subject to personal jurisdiction in this District.

### MOTHER EARTH, ITS PRODUCTS, AND ITS MOTHER EARTH MARK

10.      The Yeatman family has owned and operated mushroom farms in West Grove, Pennsylvania for more than a century.  In 1919, Jane and Arthur Yeatman bought the family's first mushroom farm (pictured below).  Between 1921 and 1931, the Yeatman family cultivated and expanded its business, erecting nine mushroom houses to facilitate their crops.  These initial mushroom houses are still in use today.  In 1949, the Yeatman family acquired a second, 77-acre farm in West Grove as its business continued to grow.  Additional mushroom houses were built in 1962 as well.  Today, more than a hundred years after the business's founding, Mother Earth operates 57 mushroom houses and produces tens of millions of pounds of mushrooms per year under the Mother Earth brand.



11.      Mother Earth is located in Chester County, Pennsylvania, where approximately 50% of the nation's mushrooms are grown.  In fact, Mother Earth is located in what is widely

5

known as the "Mushroom Capital of the World," as shown in the below photo of the Kennett Square, Pennsylvania water tower which advertises this slogan.  The mushroom industry is vital to the economy and sense of community in Southeastern Pennsylvania, supporting over 9,000 jobs and bringing $1.3 billion to the local economy.



12.     Over the decades, Mother Earth has been continuously owned and operated by the Yeatman family.  Mother Earth is now in its fifth generation of the Yeatman family—from (1) Arthur Yeatman who purchased the first farm in 1919, to (2) Arthur's son Clarence Yeatman, (3) Clarence's sons, Jim and Bob Yeatman, (4) Jim's son (Jerry Yeatman) and Bob's son-in-law (Tim Hihn, married to Bob's daughter Jill), and (5) Tim and Jill Hihn's children (Matt Hihn and Meghan Klotzbach).  A photo of the Yeatman family tree from the farm's centennial celebration in 2019 is shown below.

6



13.     Mother Earth has been at the forefront of innovation in the mushroom industry.
In 1989, Jim Yeatman created the organic standards for mushrooms, in collaboration with
certifier Northeast Organic Farming Association of New Jersey ("NOFA-NJ").  Mother Earth's
farms were the first certified-organic mushroom farms in the United States, and to this day
Mother Earth remains one of the largest growers and distributors of organic mushrooms in the
country.

14.     Mother Earth and its predecessors and affiliates have used the MOTHER EARTH
Mark continuously and prominently since 1935.  The MOTHER EARTH Mark connotes Mother
Earth's high-quality, innovative mushroom products.  Throughout its nearly century-old history,
the MOTHER EARTH Mark has been used prominently to market, advertise, and sell Mother
Earth's and its predecessors' and affiliates' mushroom products.  For instance, as shown below,
the MOTHER EARTH Mark appears on roadside signage marking Mother Earth's farm,
business center, and store.





15.     The MOTHER EARTH Mark also appears on all of Mother Earth's product packaging as well as in-store displays, as shown in the current and historical examples below.

8











9



16.     Online marketing also has been important for Mother Earth.  The MOTHER

EARTH Mark appears prominently on Mother Earth's website, www.organicmushrooms.com,

which it has owned since 1997.  Example screenshots of Mother Earth's current website design,

and a prior website design, are shown below.

**Current Website**



10

**Historical Website**



17.   For many years, Mother Earth also has used search engine optimization techniques to market its products and the MOTHER EARTH Mark and help ensure that consumers and retailers can find Mother Earth's products and website.  As a result of those strategies, as well as by virtue of Mother Earth's natural prominence in the marketplace, Internet searches for "mother earth mushrooms" show Mother Earth's website.  An example is shown below.

11



18.     Mother Earth also uses social media to advertise and market its mushroom products, and prominently features the MOTHER EARTH Mark on those platforms.  This includes Facebook, Instagram, Pinterest, and YouTube, example screenshots of which are shown below.

**Facebook**



**Instagram**



**Pinterest**



14

**YouTube**



19.     In recognition of the success of its high-quality mushroom products and the distinctive value of the MOTHER EARTH Mark, Mother Earth and its MOTHER EARTH Mark have been featured in both local and national press over the years, including *The New York Times*, *The Wall Street Journal*, *The Philadelphia Inquirer*, *The Chicago Tribune*, *Chester County Press*, and *Mushroom News*.

20.     In recognition of Mother Earth's trademark rights, the USPTO has granted it and its predecessor in interest various federal trademark registrations.  In 1959, Mother Earth's predecessor-in-interest applied to register the word mark MOTHER EARTH in connection with canned mushrooms, and such registration issued on December 13, 1960 (Reg. No. 708,474). This registration was formally assigned to Mother Earth in 1998.  Subsequent registrations by Mother Earth followed in connection with processed mushrooms (Reg. No. 3,997,548 for the MOTHER EARTH word mark), fresh mushrooms (Reg. No. 3,997,949 for the MOTHER EARTH word mark), and organic mushrooms (Reg. No. 5,304,703 for the MOTHER EARTH logo design mark).  A chart of Mother Earth's current and prior trademark registrations for the

15

MOTHER EARTH Mark is below.  In recognition of Mother Earth's and its predecessors and affiliates' long and extensive use of the MOTHER EARTH Mark, Mother Earth's three current registrations each are incontestable.  Copies of the certificates for such registrations are attached hereto as Exhibit A.

| Mark/Name | Filing Date | Reg. Date/No. | Date of First Use | Goods/Services |
|---|---|---|---|---|
| MOTHER EARTH | October 28, 1959 | December 13, 1960<br><br>Reg. No. 708,474<br><br>*Cancelled October 15, 2021 (because not renewed) | 1935 | Canned mushrooms |
| MOTHER EARTH | December 23, 2010 | July 19, 2011<br><br>Reg. No. 3,997,548 | 1935 | Processed produce, namely, processed mushrooms |
| MOTHER EARTH | January 4, 2011 | July 19, 2011<br><br>Reg. No. 3,997,949 | 1990 | Fresh produce, namely, mushrooms |
|  | August 30, 2016 | October 10, 2017<br><br>Reg. No. 5,304,703 | March 2015 | Fresh produce, namely, organic mushrooms |

21.     Over the course of its nearly century-old history, Mother Earth, its predecessor, and affiliates have consistently used the MOTHER EARTH Mark in connection with their mushroom products.  Mother Earth's visual design logos have naturally evolved over time.  In all instances, the most prominent and consistent element of the logos has been the MOTHER EARTH Mark.  Below are historical examples of the Mother Earth logos, including the current logo.

16

**Historical Logos**

   

**Current Logo**



22.     Mother Earth and its predecessor and affiliates grow, distribute, and sell a variety of mushroom products, and have done so for nearly 100 years.  This has included fresh, dried, powdered, and canned mushrooms.  Examples of such products as shown on Mother Earth's website are shown below.

17





18



23.     Mother Earth and its affiliates distribute mushroom products directly to consumers through Mother Earth's farm store, as well as to wholesalers who in turn distribute and sell the products under the MOTHER EARTH Mark.  Mother Earth's products are retail-ready, packaged mushrooms for inventories of all sizes.  These products are sold throughout Pennsylvania and the United States in a variety of online and brick-and-mortar locations, from mom-and-pop stores to specialty grocery and larger retailers such as Whole Foods, Sprouts, MOM's, Grocery Outlets, and Earth Fare.  More than 600 grocery stores in the United States sell Mother Earth mushroom products, across at least 18 states.

24.     Examples of online and brick-and-mortar third-party retailers that sell Mother Earth's products under the MOTHER EARTH Mark to consumers are shown below.

19

## Perelandra Natural Foods



## Kroger



## Cecil Creek Farm



## Elm City Market



21

## Seasons



## Foods Co.



**Earnest Foods**



**Wynn's Market**



**Box N Case**



**Yoder's Country Market**



3624344.1

**Mariano's**



### GLOBAL PREPARE, ITS INFRINGING PRODUCTS AND ITS INFRINGING MARK

25.     Global Prepare purports to offer "healthy food options that are convenient, versatile, and help eliminate food waste in the home and on the farm," according to its website.

26.     Global Prepare owns a website and online store, www.motherearthproducts.com, where it sells a variety of food products under the Infringing Mark, MOTHER EARTH PRODUCTS.  To be clear, Mother Earth does not take issue with Global Prepare's use of the Infringing Mark in connection with non-mushroom products, which appears to be the majority of Global Prepare's business.  What Mother Earth has complained about, and what is likely to cause consumer confusion and to harm Mother Earth's brand and the MOTHER EARTH Mark, is the marketing, advertising, and sale of mushroom products under the Infringing Mark.

27.     In particular, Mother Earth recently discovered that Global Prepare has placed the Infringing Mark directly on packaging for dried mushrooms, which it is selling to consumers and retailers (along with any other mushroom products, the "Infringing Products").  Example images of such Infringing Products from Global Prepare's website are shown below.




28.     The Infringing Products also are available through third-party online retailers, such as Wal-Mart, Amazon, e-Bay, Search Wellness, and Prep SOS, as shown below.

**Walmart**



26

**Amazon**



**eBay**



3624344.1

## Search Wellness



**Prep SOS**



29.     Global Prepare advertises and markets its Infringing Products in many of the same channels as does Mother Earth, such as online on its website, on Google, and on social media platforms like X (formerly Twitter), as shown below.

29

**Global Prepare's Website**





30

## **Google**



## **X (formerly Twitter)**



3624344.1

30.     Like Mother Earth, it appears that Global Prepare is using search engine optimization techniques to direct consumers to its website—specifically in connection with the Infringing Products and the Infringing Mark.  As a result, when consumers search "mother earth mushrooms," *both* companies' webpages now come up next to each other and in close proximity, as shown below.



31.     This causes and is likely to cause significant confusion for customers searching for Mother Earth's products, and also is likely to divert traffic from Mother Earth's website,

particularly given that Global Prepare's domain name is motherearthproducts.com, giving the false impression that it is the "real" Mother Earth for mushroom products.

32.     Internet image searches for "mother earth mushrooms" also show the parties' marks and products side by side, as shown below.



33.     Global Prepare's use of the Infringing Mark in connection with the Infringing Products is no accident, but rather is willful.  A simple search on Google or the USPTO's online database of registered trademarks would have easily alerted Global Prepare to Mother Earth's MOTHER EARTH Mark.

34.     In fact, Global Prepare had actual knowledge of Mother Earth and its MOTHER EARTH Mark no later than November 20, 2017, when the USPTO refused to register Global Prepare's application for the Infringing Mark as a service mark in Class 35 in connection with "on-line retail store services featuring a wide variety of consumer goods of others; retail service stores featuring a wide variety of consumer goods of others; retail store services featuring vitamins, freeze-dried food, dehydrated food, cosmetics."  In its refusal, the USPTO found a likelihood of confusion with Mother Earth's U.S. Registration No. 3,997,548 for the MOTHER EARTH Mark in Class 29 for the following goods: "processed produce, namely, processed mushrooms."  Although Global Prepare's application had not specifically referenced mushroom

products, the USPTO found that "[Global Prepare's] services identified as 'retail store services featuring vitamins, *freeze-dried food*, *dehydrated food*, cosmetics,' encompass selling [Mother Earth's] goods identified as 'processed mushrooms'" (emphasis added).

35.    In response to the USPTO's refusal, Global Prepare removed the phrase "retail store services featuring vitamins, freeze-dried food, dehydrated food, cosmetics," from its description of services and replaced it with "[r]etail store services featuring a wide variety of consumer goods of others."  Thus, Global Prepare attempted to overcome the USPTO's refusal by removing the reference to food products.  And nowhere did Global Prepare disclose any intent or actual use of the Infringing Mark on mushroom products—the specimen it filed was for different products.  On this basis, the USPTO issued a registration for the Infringing Mark in connection with "[o]n-line retail store services featuring a wide variety of consumer goods of others; [r]etail store services featuring a wide variety of consumer goods of others" (Reg. No. 5,533,283).  Global Prepare does not have any federal trademark registration for products, or goods, but rather only for retail store services featuring the goods "of others."  In other words, Global Prepare's registration does not cover the Infringing Products at issue in this case because (1) it is for services, as opposed to goods, and (2) even with respect to retail store services, Global Prepare specifically removed the conflicting reference to selling food products, in order to mislead the USPTO into issuing it a registration.

36.    Despite being on actual notice of Mother Earth's prior rights and the likelihood of confusion, as determined by the USPTO, Global Prepare has been selling the Infringing Products under the Infringing Mark (which it is using directly on product packaging).

37.    Global Prepare's use of the Infringing Mark in connection with the Infringing Products will inevitably cause consumer confusion by leading consumers to erroneously believe

that such products are made by, sold by, affiliated with, sponsored by, or otherwise related to Mother Earth and/or its MOTHER EARTH Mark, or *vice versa*. This is particularly likely given that the marks are nearly identical, the goods are identical and/or highly related, the target customers for the goods (both in terms of retailers and in terms of individual consumers) are the same, and the overlap of the parties' respective marketing and sales channels, including but not limited to the fact that both parties' products come up in Internet searches for "mother earth mushrooms." Moreover, the parties' respective products are offered at similar price points, and consumers are unlikely to engage in extensive research about the source of the products before purchasing them. Thus, there is no reason to believe that consumer confusion would be avoided or dispelled.

38.     Global Prepare's infringement already has and is likely to continue to significantly harm Mother Earth and its MOTHER EARTH Mark. Global Prepare's infringing activities mean that Mother Earth will not have control over its nearly century-old MOTHER EARTH Mark, or the Infringing Products sold under the Infringing Mark. As a result, any negative customer experiences or perceptions of Global Prepare, the Infringing Products, and/or the Infringing Mark will have a detrimental effect on Mother Earth, the perception and value of its own products, and the MOTHER EARTH Mark. It also will negatively impact the distinctiveness of the MOTHER EARTH Mark, which will no longer be exclusively and correctly associated with Mother Earth in connection with mushroom products. Mother Earth also likely already has, and will continue to, lose website traffic as a result of Global Prepare's infringing marketing and advertising strategies, which includes not only likely using Google AdWords to ensure that Global Prepare shows up prominently in Google searches for "mother earth mushrooms," but also using "mushroom" and related terms in paid Internet advertisements,

35

social media marketing, and the like to promote its Infringing Products under the Infringing Mark.

39.     Global Prepare's infringement is also unquestionably willful.  As discussed above, Global Prepare had both actual and constructive notice of Mother Earth and the MOTHER EARTH Mark, and has continued to use the Infringing Mark for the Infringing Products, without regard for Mother Earth's long-established prior rights.

40.     Accordingly, and as further detailed below, Mother Earth seeks appropriate relief, including in the form of monetary relief, a permanent injunction, and cancellation or restriction of Global Prepare's U.S. Registration No. 5,533,283.

<u>**FIRST CAUSE OF ACTION**</u>
**Trademark Infringement**
**(15 U.S.C. § 1114)**

41.     Mother Earth repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if herein again set forth in full.

42.     Mother Earth has prior rights over Global Prepare in and to the MOTHER EARTH Mark in connection with mushroom products in the United States by virtue of its and its predecessors and affiliates' use and registration of the MOTHER EARTH Mark, as detailed above.

43.     Mother Earth's federal registrations for the MOTHER EARTH Mark are valid, subsisting, used in commerce, inherently distinctive, and have acquired distinctiveness.  In addition, all of the registrations for the MOTHER EARTH Mark have been declared incontestable by the USPTO.  This provides conclusive evidence of Mother Earth's exclusive rights in the MOTHER EARTH Mark.

36

44.     Global Prepare's Infringing Mark in connection with the Infringing Products is likely to cause consumer confusion with Mother Earth and/or the registered MOTHER EARTH Mark given the overwhelming similarity between the marks, the manners in which the marks are used, the goods and services they are used in connection with, the target customers of those goods and services, and the way those goods and services are marketed, advertised, and promoted, among other relevant factors, including as detailed above.  Thus, consumers are likely to mistakenly believe that there is a connection, sponsorship, or association between Global Prepare and Mother Earth and/or that the Infringing Mark is owned, sponsored by, or affiliated with Mother Earth and/or its MOTHER EARTH Mark, and/or *vice versa*, even though that is not the case.

45.     Global Prepare knew or should have known that its use of the Infringing Mark in connection with the Infringing Products was likely to cause confusion or mistake as to Mother Earth's sponsorship of, association with, or affiliation with Global Prepare's goods and services, and/or *vice versa*.

46.     Mother Earth is likely to be significantly harmed by Global Prepare's infringement as, for instance, it will diminish the value of the MOTHER EARTH Mark, cause Mother Earth to lose control over the MOTHER EARTH Mark, and is likely to negatively impact Mother Earth's sales, in addition to unjustly enriching Global Prepare.

47.     Global Prepare's use of the Infringing Mark is likely to cause irreparable injury to Mother Earth and its MOTHER EARTH Mark, reputation, and goodwill.  The full extent of this harm cannot be quantified, and therefore leaves Mother Earth with no adequate remedy at law.

48.    Global Prepare's use of the Infringing Mark in connection with the Infringing Products constitutes infringement of Mother Earth's MOTHER EARTH Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.    Upon information and belief, Global Prepare actively and knowingly engaged in the infringing acts described above.

50.    By reason of the foregoing, Mother Earth is entitled to permanent injunctive relief against Global Prepare, restraining it from any further acts of infringement, and for all remedies available to it under 15 U.S.C. § 1117, including an accounting and disgorgement of Global Prepare's profits, recovery of any damages (to the extent calculable) proven to have been caused by reason of the aforesaid acts, and Mother Earth's attorney's fees and costs, among other remedies as outlined below and as the Court may find appropriate.

## SECOND CAUSE OF ACTION
### Unfair Competition
### (15 U.S.C. § 1125(a))

51.    Mother Earth repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if herein again set forth in full.

52.    Mother Earth has prior rights over Global Prepare in and to the MOTHER EARTH Mark in connection with mushroom products in the United States by virtue of its and its predecessors and affiliates' use and registration of the MOTHER EARTH Mark, as detailed above.

53.    The MOTHER EARTH Mark is protected as a common law trademark by virtue of Mother Earth's and its predecessors' and affiliates' longtime use of such mark in interstate

38

commerce.  Mother Earth owns the MOTHER EARTH Mark, which is valid, inherently distinctive, and has acquired distinctiveness.

54.     As discussed above, the Infringing Mark, which has been promoted, distributed, and used in interstate commerce by Global Prepare in connection with the Infringing Products, is confusingly similar to the MOTHER EARTH Mark.

55.     Global Prepare's use of the Infringing Mark in connection with the Infringing Products implies to consumers that its goods and services come from the same source as Mother Earth's goods and services, and/or *vice versa*.  Such implications are false, confusing, and misleading to customers, and material to customers' purchasing decisions.

56.     Global Prepare's unauthorized use of the Infringing Mark in connection with the Infringing Products is likely to cause confusion or mistake with the MOTHER EARTH Mark because it falsely suggests that Global Prepare's goods and services are provided by, connected with, sponsored by, affiliated with, or otherwise related to Mother Earth and/or its MOTHER EARTH Mark, and/or *vice versa*.

57.     Global Prepare's conduct has damaged Mother Earth and, unless enjoined by the Court, will further impair the value of Mother Earth's MOTHER EARTH Mark, reputation, and goodwill.  This harm constitutes an injury for which Mother Earth has no adequate remedy at law.

58.     Global Prepare knew or should have known that its use of the Infringing Mark in connection with the Infringing Products was likely to cause confusion or mistake as to Mother Earth's sponsorship of, association with, or affiliation with Global Prepare's goods and services, and/or *vice versa*.

59.     Mother Earth is likely to be significantly harmed by Global Prepare's infringement as, for instance, it will diminish the value of the MOTHER EARTH Mark, cause Mother Earth to lose control over the MOTHER EARTH Mark, and is likely to negatively impact Mother Earth's sales, in addition to unjustly enriching Global Prepare.

60.     Global Prepare's unauthorized use of the Infringing Mark in connection with mushrooms constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

61.     By reason of the foregoing, Mother Earth is entitled to permanent injunctive relief against Global Prepare, restraining it from any further acts of infringement, and for all remedies available to it under 15 U.S.C. § 1117, including an accounting and disgorgement of Global Prepare's profits, recovery of any damages (to the extent calculable) proven to have been caused by reason of their aforesaid acts, and Mother Earth's attorney's fees and costs, among other remedies as outlined below and as the Court may find appropriate.

**THIRD CAUSE OF ACTION**
**Trademark Infringement (54 Pa. C.S.A. § 1123)**

62.     Mother Earth repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if herein again set forth in full.

63.     Mother Earth has prior rights over Global Prepare in and to the MOTHER EARTH Mark in the United States by virtue of its and its predecessors' and affiliates' long-standing use of the MOTHER EARTH Mark in commerce, as evidenced by its federal registrations and long-standing use in commerce.

64.     The MOTHER EARTH Mark is valid, subsisting, used in commerce, and inherently and has acquired distinctiveness.  The registrations for MOTHER EARTH Mark have

40

been declared incontestable by the USPTO.  This provides conclusive evidence of Mother

Earth's exclusive rights in the MOTHER EARTH Mark.

65.     The Infringing Mark is a colorable imitation of the MOTHER EARTH Mark.

66.     Global Prepare's use of the Infringing Mark in connection with the Infringing

Products implies to consumers that Global Prepare's goods and services come from the same

source as Mother Earth's goods and services, or *vice versa*.  Such implications are false,

confusing, and misleading to customers, and material to customers' purchasing decisions.

67.     Global Prepare's unauthorized use of the Infringing Mark in connection with the

Infringing Products is likely to cause forward confusion or mistake with the MOTHER EARTH

Mark because it falsely suggests that Global Prepare's goods and services are provided by,

connected with, sponsored by, affiliated with, or related to Mother Earth.

68.     Mother Earth is likely to be significantly harmed by Global Prepare's

infringement as, for instance, it will diminish the value of the MOTHER EARTH Mark, cause

Mother Earth to lose control over the MOTHER EARTH Mark, and is likely to negatively

impact Mother Earth's sales, in addition to unjustly enriching Global Prepare.

69.     Global Prepare's use of the confusingly similar Infringing Mark is likely to cause

irreparable injury to Mother Earth's MOTHER EARTH Mark, reputation, and goodwill.  The

extent of this harm cannot be quantified, and therefore leaves Mother Earth with no adequate

remedy at law.

70.     Global Prepare's use of the Infringing Mark constitutes infringement of Mother

Earth's MOTHER EARTH Mark in violation of 54 Pa. C.S.A. § 1123.

71.     By reason of the foregoing, Mother Earth is entitled to permanent injunctive relief

against Global Prepare, restraining it from any further acts of infringement, and for all remedies

41

available to it, including an accounting and disgorgement of Global Prepare's profits, recovery of any damages (to the extent calculable) proven to have been caused by reason of their aforesaid acts, punitive damages, and Mother Earth's attorney's fees and costs, among other remedies as outlined below and as the Court may find appropriate.

## FOURTH CAUSE OF ACTION
### Common Law Trademark Infringement

72.     Mother Earth repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if herein again set forth in full.

73.     Mother Earth has prior rights over Global Prepare in and to the MOTHER EARTH Mark in connection with mushroom products in the United States by virtue of its and its predecessors' and affiliates' use of the MOTHER EARTH Mark in commerce and as evidenced by its federal trademark registrations.

74.     The MOTHER EARTH Mark is valid, subsisting, used in commerce, and is inherently distinctive and has acquired distinctiveness.  In addition, the registrations for the MOTHER EARTH Mark have been declared incontestable by the USPTO.  This provides conclusive evidence of Mother Earth's exclusive rights in the MOTHER EARTH Mark.

75.     As discussed above, the Infringing Mark, which has been promoted, distributed, and used in commerce by Global Prepare, is confusingly similar to the MOTHER EARTH Mark.

76.     Global Prepare's use of the Infringing Mark in connection with the Infringing Products is likely to cause confusion or mistake with the MOTHER EARTH Mark.  Consumers will likely believe there is a connection, sponsorship, or association between Global Prepare and Mother Earth, and/or that Global Prepare's goods and services are sponsored by or affiliated with

42

Mother Earth, its goods and services, and/or its MOTHER EARTH Mark when that is not the case, and/or *vice versa*.

77.     Global Prepare knew or should have known that its use of the Infringing Mark in connection with the Infringing Products would cause confusion or mistake as to Mother Earth's sponsorship of, association with, or affiliation with Global Prepare's goods and services, and *vice versa*.

78.     Mother Earth is likely to be significantly harmed by Global Prepare's infringement as, for instance, it will diminish the value of the MOTHER EARTH Mark, cause Mother Earth to lose control over the MOTHER EARTH Mark, and is likely to negatively impact Mother Earth's sales, in addition to unjustly enriching Global Prepare.

79.     Global Prepare's use of the Infringing Mark is likely to cause irreparable injury to Mother Earth and its MOTHER EARTH Mark, reputation, and goodwill.  The full extent of this harm cannot be quantified, and therefore leaves Mother Earth with no adequate remedy at law.

80.     Global Prepare's use of the Infringing Mark in connection with the Infringing Products constitutes common law infringement of the MOTHER EARTH Mark.

81.     By reason of the foregoing, Mother Earth is entitled to permanent injunctive relief against Global Prepare, restraining it from any further acts of infringement, and for all remedies available to it under Pennsylvania common law, including an accounting and disgorgement of Global Prepare's profits, recovery of any damages (to the extent calculable) proven to have been caused by reason of their aforesaid acts, and Mother Earth's attorney's fees and costs, among other remedies as outlined below and as the Court may find appropriate.

## FIFTH CAUSE OF ACTION
### Common Law Unfair Competition

82.     Mother Earth repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if herein again set forth in full.

83.     The MOTHER EARTH Mark is protected as common law trademark by virtue of Mother Earth's and its predecessors' and affiliates' longtime use of such mark in the marketplace.

84.     The MOTHER EARTH Mark is valid, subsisting, used in commerce, and is inherently distinctive and has acquired distinctiveness.  In addition, the registrations for the MOTHER EARTH Mark have been declared incontestable by the USPTO.  This provides conclusive evidence of Mother Earth's exclusive rights in the MOTHER EARTH Mark.

85.     As discussed above, the Infringing Mark, which has been promoted, distributed, and used in commerce by Global Prepare, is confusingly similar to the MOTHER EARTH Mark.

86.     Global Prepare's use of the Infringing Mark in connection with the Infringing Products implies to consumers that Global Prepare's goods and services come from the same source as Mother Earth's goods and services, and/or *vice versa*.  Such implications are false, confusing, and misleading to customers, and material to customers' purchasing decisions.

87.     Global Prepare's unauthorized use of its Infringing Mark in connection with the Infringing Products constitutes common law unfair competition.

88.     Mother Earth is likely to be significantly harmed by Global Prepare's infringement as, for instance, it will diminish the value of the MOTHER EARTH Mark, cause Mother Earth to lose control over the MOTHER EARTH Mark, and is likely to negatively impact Mother Earth's sales, in addition to unjustly enriching Global Prepare.

44

89.     Global Prepare's use of the Infringing Mark is likely to cause irreparable injury to Mother Earth and its MOTHER EARTH Mark, reputation, and goodwill.  The full extent of this harm cannot be quantified, and therefore leaves Mother Earth with no adequate remedy at law.

90.     By reason of the foregoing, Mother Earth is entitled to permanent injunctive relief against Global Prepare, restraining them from any further acts of unfair competition, and for all remedies available to it under Pennsylvania common law, including an accounting and disgorgement of Global Prepare's profits, recovery of any damages (to the extent calculable) proven to have been caused by reason of their aforesaid acts, and Mother Earth's attorney's fees and costs, among other remedies as outlined below and as the Court may find appropriate.

### SIXTH CAUSE OF ACTION
### Cancellation or Restriction of Federal Trademark Registration (15 U.S.C. § 1119)

91.     Mother Earth repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if herein again set forth in full.

92.     Global Prepare owns U.S. Registration No. 5,533,283 for the word mark MOTHER EARTH PRODUCTS in Class 35 for "[o]n-line retail store services featuring a wide variety of consumer goods of others; [r]etail store services featuring a wide variety of consumer goods of others."

93.     As discussed above, to the extent that such registration includes a claim to the Infringing Mark in connection with the Infringing Products (or retail services to sell such Infringing Products), such mark is confusingly similar to Mother Earth's MOTHER EARTH Mark, for which it owns prior trademark rights.

94.     Accordingly, pursuant to 15 U.S.C. § 1119, this Court should order that U.S. Registration No. 5,533,283 be canceled (in whole or in part), or in the alternative that it should

be restricted such that it explicitly does not include any claim to the Infringing Mark in connection with the Infringing Products, including but not limited to retail store services to sell the Infringing Products.

## **PRAYER FOR RELIEF**

Wherefore, Mother Earth demands a trial by jury, and respectfully prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. An Order declaring that Mother Earth has prior rights in the MOTHER EARTH Mark in connection with mushroom products, and that Global Prepare's use of the Infringing Mark in connection with the Infringing Products infringes the MOTHER EARTH Mark and constitutes unfair competition under federal and/or common law, as detailed above;

B. An injunction permanently enjoining Global Prepare and all those in active concert or participation with it (including, but not limited to, all of its respective officers, directors, agents, principals, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, affiliates, successors, assigns, licensees, and contracting parties) from:

1. using anywhere in the United States, applying to register in the United States, or maintaining a registration in the United States for the Infringing Mark in connection with the Infringing Products, including but not limited to U.S. Registration No. 5,533,283, or any other trademark that is confusingly similar to the MOTHER EARTH Mark in connection with mushrooms or any other similar goods or services offered by Mother Earth;

46

2. seeking to oppose or challenge any of Mother Earth's applications to register its MOTHER EARTH Mark, or seeking to cancel or challenge any of Mother Earth's registrations for the MOTHER EARTH Mark;

C. An Order directing that Global Prepare and all those in active concert or participation with it (including, but not limited to, all of its respective officers, directors, agents, principals, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, affiliates, successors, assigns, licensees, and contracting parties) take affirmative steps in the United States to dispel false impressions that heretofore have been created by their use of the Infringing Mark, including, but not limited to, recalling from any and all channels of trade any and all Infringing Products and associated materials and undertaking corrective advertising;

D. An Order directing that Global Prepare account to Mother Earth for its profits and any damages sustained by Mother Earth, to the extent calculable, arising from the foregoing acts of trademark infringement, false designation or origin, deceptive acts and practices in the United States and Pennsylvania;

E. An Order requiring that, in accordance with such accounting, Global Prepare pay to Mother Earth Global Prepare's profits from its infringing conduct, and Mother Earth's damages and trebling of such award, and costs of the action, pursuant to 15 U.S.C. § 1117 and 54 Pa. C.S.A. § 1125;

F. An Order requiring that, in accordance with such accounting, Global Prepare pay to Mother Earth treble damages;

G. An Order requiring that Global Prepare pay punitive damages not to exceed three times Global Prepare's profits and damages and/or reasonable attorney's fees for

47

committing its wrongful acts knowingly and willfully, pursuant to 54 Pa. C.S.A.

§ 1125;

H.  An Order requiring that Global Prepare compensate Mother Earth for Mother Earth's

costs, including its reasonable attorneys' fees and disbursements in this action,

pursuant to 15 U.S.C. § 1117 and 54 Pa. C.S.A. § 1125;

I.  An Order requiring that Global Prepare file with the Court and serve on counsel for

Plaintiff within thirty (30) days after entry of any injunction issued by the Court in

this action, a sworn witness statement pursuant to 15 U.S.C. § 1116(a) setting forth in

detail the manner and form in which Global Prepare has complied with any injunction

which the Court may enter in this action;

J.  An Order instructing the USPTO to cancel or restrict U.S. Reg. No. 5,583,283;

K.  Other relief as the Court may deem just and proper.

## JURY DEMAND

Mother Earth demands a jury for all issues triable to a jury.

**DATED:** July 8, 2024                     Respectfully Submitted,

                                            **KANG HAGGERTY LLC**


                                             _/s/ Kandis L. Kovalsky_
                                            Edward T. Kang
                                            ekang@kanghaggerty.com
                                            Kandis L. Kovalsky
                                            kkovalsky@kanghaggerty.com
                                            123 South Broad Street, Suite 1950
                                            Philadelphia, PA 19109
                                            Telephone: (215) 525-5852

48

**KIRKLAND & ELLIS LLP**

Dale M. Cendali (*pro hac vice* forthcoming)
dale.cendali@kirkland.com
Shanti Sadtler Conway (*pro hac vice* forthcoming)
shanti.conway@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Plaintiff C.P. Yeatman & Sons, Inc.*

49